**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Kaiser Foundation Health Plan, Inc,<br><br>　　　　　　Defendant. | Case No. 2:25-cv-02371-SRM (JDEx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SEAL DOCUMENTS [3], DENYING REQUEST TO PROCEED UNDER A PSEUDONYM [8], DISMISSING CASE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER [16], AND UNSEALING THE CASE** |

**I.     Background**

On March 16, 2025, Plaintiff Jane Doe filed a redacted and unsealed version of the Complaint against Defendant Kaiser Foundation Health Plan, Inc. (Dkts. 1 and 4, respectively.) The same day, Plaintiff filed a Motion to File Documents Under Seal (Dkt 3), a Request to Proceed *In Forma Pauperis* ("IFP") (Dkt. 7), and a Motion for Order to Proceed Under Pseudonym Jane Doe (Dkt. 8). Plaintiff's Motion to File Documents Under Seal was incorrectly docketed as a motion to seal the case. (*See* Dkt. Entry 3.) Plaintiff has never requested the case to be sealed entirely.

On April 23, 2025, the Court issued an order denying Plaintiff's Request to Proceed IFP, finding the filer had the ability to pay and that the action failed to state a claim upon which relief could be granted. (Dkt. 16.) The Court further ordered Plaintiff

to pay the initial filing fee of $405 within 30 days. The Court cautioned that "failure to timely pay the filing fee will result in dismissal of this case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders." (*Id.*) Plaintiff has not responded to the Court's order and has not paid the initial filing fee.

Accordingly, the Court dismisses the Action for failure to comply with the Court's April 23, 2025, order. The Court also instructs the clerk to unseal the case as it was erroneously sealed.

## II. Motion to Proceed Under a Pseudonym

Unsealing the case effectively adjudicates Plaintiff's Motion to Proceed Under a Pseudonym (*see* Dkt. 8) to the extent that Plaintiff's name appears on the docket and on documents not filed under seal. The Court therefore addresses the merits underlying the Court's denial of Plaintiff's Motion to Proceed Under a Pseudonym.

"[T]he identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all of the parties in the title of the complaint. Nevertheless, parties may proceed anonymously when "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Specifically, parties may use pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. (internal quotation marks and citation omitted). The party may preserve his or her anonymity "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

Here, Plaintiff does not attempt to describe any harm she would suffer in revealing her identity. Instead, Plaintiff alleges that proceeding with her identity "may subject Plaintiff to retaliation, harassment, unnecessary embarrassment, or harm, given the nature of the allegations and personal circumstances involved." (Dkt. 8.) Plaintiff's vague

1  reference to a generalized, potential harm is insufficient to justify the "unusual case"
2  where protecting a party's identity is necessary. *Advanced Textile Corp.*, 214 F.3d at
3  1068.
4      Plaintiff also claims that a pseudonym would protect her "highly sensitive
5  personal, medical, financial, and private information from public disclosure." (Dkt. 8).
6  However, Plaintiff fails to show how proceeding under a pseudonym would protect any
7  sensitive information from public disclosure that is not already protected by her Motion
8  to File Documents Under Seal (Dkt 3). Any unredacted personal information in
9  Plaintiff's Complaint, which concerns discrimination and workplace misconduct, do not
10 present facts that are "sensitive and highly personal nature," and thus do not warrant
11 anonymity. *Compare Advanced Textile*, 214 F.3d at 1068; *Roe v. Wade*, 410 U.S. 113
12 (1973) (abortion); *Doe v. United Serv. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988)
13 (sexual orientation); *Doe v. Lally*, 467 F. Supp. 1339 (D. Md. 1979) (prison rape); *Doe v.
14 Carleson*, 356 F.Supp. 753 (N.D. Cal. 1973) (illegitimacy and paternal abandonment);
15 with *4 Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038 ABC, 2009 WL 250054
16 C.D. Cal. 2009 (denying four former exotic dancers anonymity despite their interest
17 keeping private their previous occupations).
18     In sum, Plaintiff has made no attempt to establish a need for anonymity, thus does
19 not outweigh the "'the public's common law right of access to judicial proceedings' [that]
20 is firmly established and creates a presumption against anonymity." *Doe v. Cty. of El
21 Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at *5 (E.D. Cal. Dec. 2, 2013)
22 (quoting *Advanced Textile*, 214 F.3d at 1067). *See also U.S. v. Stoterau*, 524 F.3d 988,
23 1013 (9th Cir. 2008) ("Identifying the parties to the proceeding is an important dimension
24 of publicness. The people have a right to know who is using their courts.")
25     For these reasons, the Court denies Plaintiff's Motion to Proceed Under a
26 Pseudonym. (Dkt. 8.)
27
28

### III. Conclusion

The Court, having considered Plaintiff's Complaint and accompanying motions, and finding good cause therefor, hereby **ORDERS** as follows:

1. Plaintiff's Request to File Documents Under Seal [3] is **GRANTED**;

2. Plaintiff's Application for *Pro Se* Litigant to Electronically File Documents [6] is **DENIED** as moot;

3. Plaintiff's Motion for Order to Proceed Under Pseudonym Jane Doe [8] is **DENIED**;

4. The action is **DISMISSED** for failure to comply with the Court's April 23, 2026, order to pay the filing fee [16].

Accordingly, the Clerk is instructed to unseal the case and Plaintiff's Motion to Proceed Under a Pseudonym. (Dkt. 8).

**IT IS SO ORDERED.**

Dated: May 29, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE