FILED
CLERK, U.S. DISTRICT COURT
6/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY     RYO     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

**Ifeoma Chukwurah**,
Plaintiff, Pro Se

v.

**Nomad Health Inc**,
Defendant.

**Case No.: 2:25-cv-02371-SRM-JDE**

**EX PARTE EMERGENCY MOTION FOR TEMPORARY SEALING OF DKT. 3,9,19,31 & 35 PENDING RULING ON MOTION TO STRIKE OR SEAL IMPROPER DISCLOSURE**

TO THE HONORABLE JUDGE SERENA R. MURILLO:

Plaintiff Ifeoma Chukwurah respectfully submits this **Ex Parte Emergency Motion** requesting the **immediate administrative sealing** of **Docket Entries No. 3, 9, 19, 31, and 35**, which disclose sensitive financial and personal details that were originally submitted under seal or later refiled in redacted form. The public availability of this information constitutes a breach of privacy and undermines the integrity of Plaintiff's in forma pauperis (IFP) request process.

Docket 3 contains Plaintiff's **original IFP application and ADA accommodation request**, which were later superseded by **sealed, updated financial and disability declarations**. At the time of the original filing, Plaintiff lacked the procedural knowledge and clarity to properly seal those documents. This discrepancy now leaves deeply personal records exposed in the public docket, while more current and complete filings were accepted under seal—highlighting the arbitrary and inequitable application of sealing procedures to a pro se, disabled litigant.

Despite Plaintiff's sealed submission of her updated IFP declaration and supporting documentation, the Court's rulings (Dkt. 31 and 35), the unsealed version of her IFP application (Dkt. 3), the public redacted version (Dkt. 19), and procedural references in Dkt. 9, made public:

- Private banking activity and balances;
- Generalized assessments of income from 2024 tax documents;
- Asset and property details without context;

- Omitted critical facts about Plaintiff's disability, medical hardships, and lack of income support.

Additionally, Plaintiff respectfully notes that the Court has not acknowledged or ruled on her **Errata Notice (Dkt. 22) filed on March 14, 2025**, which sought to correct inaccuracies and update procedural context relevant to her IFP application. Despite this timely filing, the Court proceeded to issue IFP-related rulings (Dkt. 31) and final judgment (Dkt. 35) that failed to incorporate these corrections—causing further procedural harm and factual misrepresentation.

Plaintiff has been **unemployed since June 28, 2024**, with **no reliable income**, and only **minimal family support for necessities**. Her **short-term disability benefits were pending approval** at the time of her IFP filing. She is a **disabled, pro se litigant** facing multiple medical conditions, including invisible disabilities, with no legal team or clerical assistance—yet currently manages **four active federal cases**, with at least **four more in preparation**.

The Court's orders failed to acknowledge these contextual facts, instead implying financial capacity based solely on outdated or temporary information, such as:

- Emergency savings that were **exhausted by March 2025**;
- Property held in a **trust**, not personally liquid or under Plaintiff's full control;
- Assumptions based on bank records that do not reflect **current income status** or **disabled status**.

These public disclosures have already resulted in:

- **Irreparable harm to Plaintiff's privacy and credibility**;
- **Potential identity theft and retaliation**;
- Prejudice in **future court and agency proceedings**.

To compound the harm, Defendant's legal counsel—**Littler Mendelson**—issued a **disrespectful counteroffer on May 27, 2025**, in response to Plaintiff's demand letter. Plaintiff has not served the defendants due to unresolved IFP status. However, defense counsel's awareness and emboldened behavior suggest they are actively monitoring filings, which may have been improperly influenced by the publicly available sensitive materials. This includes personnel-related issues and wage records Plaintiff has not been permitted to obtain through proper legal process, thereby creating a one-sided access and prejudice against her.

This motion is not about secrecy—it is about **protecting the dignity and safety** of a litigant who has no other means to shield herself. The fact that the Plaintiff is pursuing

legal remedies without institutional support should be seen as a demonstration of necessity, not of capacity.

Plaintiff respectfully asks that the Court immediately:

1. **Administratively seal Dkt. 3, Dkt. 9, Dkt. 19, Dkt. 31, and Dkt. 35** pending final ruling on Plaintiff's forthcoming Motion to Strike or Permanently Seal;
2. Allow Plaintiff to file redacted versions of the orders and application if necessary as a **hybrid sealing solution**;
3. Recognize the potential prejudice and lasting harm caused by the current public access to Dkts. 3, 9, 19, 31, and 35.

Plaintiff brings this emergency motion under:

- **Kamakana v. City & Cty. of Honolulu**, 447 F.3d 1172 (9th Cir. 2006);
- **Foltz v. State Farm**, 331 F.3d 1122 (9th Cir. 2003);
- **FRCP 5.2**, and **Local Rule 79-5**;
- And this Court's **inherent authority to prevent irreparable harm**.

Failure to act promptly would expose Plaintiff to further personal, legal, and reputational risks, in direct conflict with the principles of access to justice and disability accommodations.

Dated: June 10, 2025
Respectfully submitted,

**/s/ Ifeoma Chukwurah**
Plaintiff, Pro Se